Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Caitlin Baunsgard
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:22-CR-0162-TOR-3 |
| Plaintiff, | |
| vs. | UNITED STATES SENTENCING MEMORANDUM |
| JONAH GREGORY CHAPIN, | |
| Defendant. | |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Caitlin Baunsgard, Assistant United States Attorney for the Eastern District of Washington, respectfully submits the following Sentencing Memorandum.

**A.    THE PSIR**:

As noted in its Notice of Review, the United States has no objections to the PSIR. *See* ECF. 125.

UNITED STATES SENTENCING MEMORANDUM - 1

B.   **SENTENCING RECOMMENDATION**:

Consistent with the Plea Agreement, the 18 U.S.C. § 3553(a) factors, as well as the purposes and goals of sentencing, the United States recommends a term of incarceration of 48 months as a sufficient but not greater than necessary sentence for this Defendant.

The Defendant is before the court for a serious offense. As outlined in the PSIR, the Defendant, in essence, brokered the distribution of controlled substances to an undercover law enforcement agent. Additionally, when contacted by law enforcement a short time later, he was armed with brass knuckles as well as supply of fentanyl-laced pills. To the Defendant's credit, he was cooperative with law enforcement upon contact and admitted his role in the offense, to include his intent to distribute some of the fentanyl pills he was arrested with to other individuals.

While the Defendant is not eligible for safety valve as he possessed a "dangerous weapon", *see* USSG §5C1.2(a)(2) and n. 2, he was not armed with a firearm. While still a "dangerous weapon", it is comparatively less so than a drug dealer who chooses to arm themselves with a firearm. Had the Defendant not been armed, he satisfied all the other criteria for safety valve, and the 2-level reduction under USSG §2D1.1(b)(18) would have brought his advisory guideline range down to 57-71 months.

The Defendant is a relatively young man, who while he has a string of arrests, does not have an egregious criminal history. As evident in the PSIR, the

UNITED STATES SENTENCING MEMORANDUM - 2

Defendant's father is also involved in the drug subculture and, in fact, was involved in the instant offense. The Defendant does not appear to have had a stable childhood or early adulthood.

Controlled substances appear to have been involved in, and controlled, a majority of the Defendant's life. He could certainly benefit from the programming and services available to him in the Bureau of Prisons and with U.S. Probation. The choice will be his and his alone on whether to spend his custody time productively, or to idly pass the time and count down the days until he returns to his current lifestyle. Certainly, if he returns to using the 50 fentanyl pills a day he told probation, he life will certainly be cut short.

Based on the totality of the circumstances, the United States asks the Court to sentence the Defendant as recommended.

DATED this 10th day of October, 2023.

Vanessa R. Waldref
United States Attorney

***s/Caitlin Baunsgard***
Caitlin Baunsgard
Assistant United States Attorney

UNITED STATES SENTENCING MEMORANDUM - 3

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following, and/or I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant(s):

Amy Rubin

                        *s/Caitlin Baunsgard*
                        Caitlin Baunsgard
                        Assistant United States Attorney